# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:05CR32

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| VICTOR GUADARRAMA FLORES | ) | |

**THIS MATTER** is before the Court on the Defendant's motion for review of the Magistrate Judge's Order of detention.

Title 18 U.S.C. § 3145 provides in pertinent part that "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . , the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The Court, in reviewing that order, conducts a *de novo* review and must make an independent determination of the appropriateness of pretrial detention or conditions of release. ***United States v. Stewart*, 19 F. App'x 46 (4th Cir. 2001).**

On April 4, 2005, the Defendant was indicted along with a co-defendant with armed bank robbery and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 924(c)(1)(A)(ii).  **Bill of Indictment, filed April 4, 2004.**  Both statutes charge an offense involving a crime of violence and, therefore, are crimes of violence.  **18 U.S.C. § 924(c)(3).**  Thus, it is "presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," subject to rebuttal by the Defendant.  **18 U.S.C. § 3142(e).**

The Magistrate Judge noted that the Defendant has provided a statement to the authorities in which he admitted his involvement in armed bank robbery.  Although he is legally within the United States, if he is convicted, he will be deported to his native Mexico.  His status as a citizen of another country poses the possibility that he may flee the jurisdiction if released.  In support of his position that he should be released, the Defendant merely notes that he was indicted for the bank robbery in 2005 but was not arrested until February 2007.  During this time, he argues, he lived and worked in the community without incident.

The undersigned agrees with the Magistrate Judge that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of any other person and the community. Detention may be based on a showing of either dangerousness or risk of flight, both are not required. **United States v. Rueben, 974 F.2d 580, 586 (5th Cir. 1992).** The Defendant argues that his presence in the community after the bank robbery is evidence to rebut the presumption in favor of detention; however, the mere production of evidence does not completely rebut the presumption. *Id.* The Court finds that there are significant risks that the Defendant will not appear at trial if he is released. He is not a citizen of the United States and, if convicted, he faces deportation. That is a significant reason to flee.

Nor does the Court find that the Defendant would not be a threat to the community. During the crime at issue, he is charged with having used and carried a firearm. There are few crimes more dangerous to the community than armed bank robbery.

**IT IS, THEREFORE, ORDERED** that the Defendant's appeal is **DENIED,** and the Magistrate Judge's Order of detention is **AFFIRMED**. The Defendant shall remain in custody pending further proceedings herein.

4

Signed: March 13, 2007

Lacy H. Thornburg
United States District Judge