# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv53
### [Criminal Case No. 1:05cr32-2]

| | |
|---|---|
| **VICTOR GUADARRAMA FLORES,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custory [Doc. 1].

## PROCEDURAL HISTORY

On April 4, 2005, the Petitioner was charged with bank robbery, in violation of 18 U.S.C. §§ 2113(a), armed bank robbery, in violation of 18 U.S.C. §§ 2113(d), and using, carrying and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Criminal Case No. 1:05cr32-2, at Doc. 1].

On May 7, 2007, the Petitioner entered guilty pleas to one count of bank robbery and one count of using, carrying and brandishing a firearm during that

robbery. [Id., at Doc. 52]. On April 29, 2008, the Hon. Lacy H. Thornburg sentenced the Petitioner to 30 months imprisonment for the bank robbery count to be followed by a consecutive sentence of 84 months imprisonment for the brandishing count. [Id., at Doc. 56]. The Petitioner did not file a direct appeal from his conviction or sentence.

On February 22, 2010, the Petitioner filed this motion pursuant to §2255. Because Judge Thornburg has retired, the case was reassigned to the undersigned.

## STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255(a). However,

> [i]f it plainly appears from the face of the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court, having reviewed the Petitioner's Motion and the record of his underlying criminal proceedings, finds that summary dismissal is warranted.

## DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA amended 28 U.S.C. §2255 by imposing a one year statute of limitations period for the filing of a motion to vacate. The amendment provides in pertinent part:

> A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).[1]

The Petitioner did not file a direct appeal from his conviction and

---

[1] As noted *infra*, the Petitioner has not argued any of these grounds in support of his motion.

sentence. As a result, the Petitioner's conviction and sentence became final, for purposes of filing a motion pursuant to §2255, when the time for filing a direct appeal expired. United States v. Johnson, 203 F.3d 823 (4th Cir. 2000), *citing* Kapral v. United States, 166 F.3d 565, 577 (3rd Cir. 1999); *accord*, United States v. Walker, 194 F.3d 1307 (4th Cir. 1999), *citing* Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999).

The Petitioner's Judgment in his criminal case was entered on April 29, 2008. Fed.R.App.P. 4(b)(1)(A)(i) & 4(b)(6) ("A judgment ... is entered for purposes of this Rule ... when it is entered on the criminal docket."); United States v. Neal, 166 F.3d 1211 (4th Cir. 1998); Eubanks v. United States, 2009 WL 1916352 (N.D.W.Va. 2009). At the time of the Petitioner's sentencing, Federal Rule of Appellate Procedure 4(b) provided that in a criminal case, "a defendant's notice of appeal must be filed in the district court within 10 days after the ... entry of ... the judgment ... being appealed[.]" Fed.R.App.P. 4(b)(1)(A)(i) (2008). The Petitioner's conviction and sentence, therefore, became final on May 13, 2008. Id.; Fed.R.Crim.P. 45(a) (2008) (then excluding intermediate Saturdays, Sundays and legal holidays from computation of filing deadlines when the period is less than 11 days). The Petitioner's motion pursuant to §2255 therefore must have been filed on or before May 13, 2009.

4

The Petitioner's motion, signed and mailed on February 19, 2010, was untimely. In the motion, the Petitioner acknowledges that the motion was filed outside the one year period. [Doc. 1, at 12].

Even if the Petitioner had not raised the issue of the statute of limitations, federal district courts have the power to raise the defense of statute of limitations *sua sponte* when considering a §2255 motion. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); *accord* Eriline Co., S.A. v. Johnson, 440 F.3d 648, 655-57 (4th Cir. 2006). When the court finds that a *pro se* motion pursuant to §2255 is untimely and the government has not moved to dismiss on that basis, the court must warn the prisoner that his case is subject to dismissal "unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." United States v. Sosa, 364 F.3d 507, 510 (4th Cir. 2004); United States v. Sexton, 56 Fed.Appx. 202 (4th Cir. 2003).

In December 2004, the Administrative Office of the Courts modified the form for §2255 motions to comply with Hill's notice requirement. The form now includes a section which directs petitioners to address the timeliness of the motion. Question 18 of the form provides:

> TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2255 does not bar your motion.

5

[Doc. 1, at 12]. The Petitioner's motion was written on this form and his response to Question 18 was: "This petition is timely filed based on [the Petitioner's] Sixth Amendment rights violation to a requested appeal." [Id.]. In the brief supporting the motion, the Petitioner claims he received ineffective assistance of counsel because "counsel of record failed to file a notice of appeal based on specific instructions from the Defendant." [Doc. 1-1, at 1]. He reiterates that allegation later in the brief, arguing that counsel "disregarded specific instruction from Defendant to file a Notice of Appeal[.]" [Id., at 4]. No further explanation of the manner in which that failure prohibited the Petitioner from timely filing a motion pursuant to §2255 is provided.

It is clear from the answer to the question that the Petitioner was aware that he needed to explain why his motion was not timely filed. Since the Petitioner has provided the reason he asserts as to why his motion should be deemed timely filed, the Court finds that no further notice or opportunity for response is required by Hill.[2] See, Evans v. United States, 2010 WL 2131180

---

[2]This case is distinguishable from Bilal v. North Carolina, 287 Fed. Appx. 241 (4th Cir. July 18, 2008), in which the Fourth Circuit remanded the dismissal of the §2255 motion for the district court to provide a Hill notice. In Bilal, the petitioner wrote "N/A" next to Question 18 on the form, causing the Circuit to question whether he understood the possibility that his motion would be dismissed as untimely. Here, it is clear from the substantive response that the Petitioner knew his motion had been filed outside of the one year period and was subject to dismissal. See, e.g., Sings v. North Carolina Dept. Corr., 2010 WL 2775619 (W.D.N.C. 2010); Black v. United States, 2009 WL 1165431 (W.D.N.C. 2009) (Bilal held the new form provided requisite notice absent confusion by the prisoner).

6

(W.D.N.C. 2010); Byrd v. United States, 2009 WL 2426306 (W.D.N.C. 2009) (claiming ineffective assistance of counsel); Fuentes-Gonzales v. United States, 2009 WL 2497937 **1 n.1 (W.D.N.C. 2009), *appeal dismissed* 2010 WL 1784733 (4th Cir. 2010); Thompson v. United States, 2007 WL 3307194 (W.D.N.C. 2007), *appeal dismissed* 269 Fed. Appx. 258 (4th Cir. 2008) (claiming ineffective assistance of counsel); Cureton v. United States, 2007 WL 1651437 (W.D.N.C. 2007), *appeal dismissed* 238 Fed.Appx. 973 (4th Cir. 2007).

The Court also concludes that it is indisputably clear that the motion may not be salvaged by equitable tolling and thus notice and opportunity for further response is not required. Sosa, 364 F.3d at 512. A "litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); Sosa, 364 F.3d at 512; Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*), *certiorari denied* 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004). The grounds raised in this §2255 motion are that his attorney failed to argue that his status as a first time offender constituted a mitigating circumstance, did not enforce a promise concerning the weapons enhancement, did not file objections to the

7

presentence report, and failed to file a notice of appeal. [Doc. 1]. Each of these claims was available to the Petitioner as early as the day he was sentenced. Pace, 544 U.S. at 418-19. At sentencing, the Petitioner was advised of the ten day period within which he must file an appeal. Oiler v. United States, 2009 WL 1073639 (S.D.W.Va. 2009), *appeal dismissed* 333 Fed.Appx. 788 (4th Cir. 2009). Moreover, the failure of counsel to file an appeal in no manner prevented the Petitioner from filing a motion to vacate asserting the grounds raised herein. United States v. Koenig, 2010 WL 1463409 (D.S.C. 2010). To the extent that the Petitioner might claim he was unaware he could file a §2255 motion prior to the appeal, "ignorance of the law is not a basis for equitable tolling." Sosa, 364 F.3d at 512. A "petitioner's *own* ignorance or mistake does not warrant equitable tolling... ." Id., *citing* United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), *certiorari denied* 539 U.S. 952, 123 S.Ct. 2630, 156 L.Ed.2d 645 (2003).

Assuming *arguendo* that the Petitioner did request an appeal, "[i]neffective assistance of counsel generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002), *certiorari denied* 539 U.S. 933, 123 S.Ct. 2590, 156 L.Ed.2d 515 (2003), *citing* Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000); but see, Holland v. Florida, 130 S.Ct. 2549, 78 USLW 4555 (2010) (remanding for determination whether counsel's

ineffective assistance warranted tolling in view of diligence exercised by prisoner).³ The Petitioner has not alleged "serious attorney misconduct – such as telling a defendant a [direct appeal] had been filed when it had not been[.]" Rice v. United States, 2009 WL 1740505 (D.Md. 2009), *appeal dismissed* 347 Fed.Appx. 949 (4th Cir. 2009), *citing* United States v. Martin, 408 F.3d 1089, 1095 (8th Cir. 2005). The Petitioner stated that he "instructed" his attorney to file a notice of appeal. Rice, supra. Had the Petitioner exercised due diligence, he would have discovered that his attorney did not file an appeal before the expiration of the one year deadline. United States v. Bear, 2010 WL 2773309 **2-3 (W.D.Va. 2010). The Petitioner, however, "does not present any facts regarding how counsel's failure to file a notice of appeal prevented [him] from filing a timely §2255 motion." Id. Such information was readily accessible to the Petitioner by contact with the court. [Doc. 1-1, at 2]. Smith v. McGinnis, 208 F.3d 13 (2nd Cir. 2000), *certiorari*

---

³ In Holland, the attorney had been appointed for the express purpose of pursuing postconviction relief for the prisoner. The Court pointed to many instances of Holland's attempts to get his attorney's attention, including efforts by his wife. The attorney failed to respond for years to letters and phone calls and even failed to advise his client that the state court had ruled against him. He missed the filing deadline for the habeas petition although the prisoner had alerted the attorney to it. Holland repeatedly contacted the court system and even the state bar in an attempt to have the attorney removed from the case. The attorney was the singular impediment to the filing of his petition. Finally, on the day that the prisoner learned the statute had run, he filed a *pro se* petition. The Holland decision therefore represents a far different factual scenario than that shown here.

*denied* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (circumstances beyond prisoner's control occur if he is prevented in an extraordinary way from exercising his rights); Harris, 209 F.3d at 325 (unfamiliarity with legal process, lack of representation insufficient). He therefore has not shown an extraordinary circumstance which prevented him from timely filing this petition. On these facts the Court is compelled to find that the Petitioner failed to act with due diligence.

"[E]quitable tolling is available only in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Sosa, 364 F.3d at 512, *quoting* Rouse, 339 F.3d at 246. The Court finds that the Petitioner has not made such a showing. United States v. Prescott, 221 F.3d 686, 688 (4th Cir.2000) (equitable tolling is an extraordinary remedy that is sparingly granted). The Petitioner's motion pursuant to §2255 therefore will be dismissed.

The Court has considered the Petitioner's motion, any attached exhibits, and the record of the prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S.

322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DENIED** and this action is dismissed.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Signed: August 9, 2010

Martin Reidinger
United States District Judge